# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

IRINA ENGERT, ANNE ENGERT, and RON ENGERT, Individually and as Successors-in-Interest to Glendon Engert,

**Case No.: 1:13-CV-00126-LJO-BAM**

**STIPULATED PROTECTIVE ORDER**

                    Plaintiffs,

vs.

STANISLAUS COUNTY; SHERIFF ADAM CHRISTIANSON; ROBERT LEE PARIS, SR. and ELIZABETH JANE PARIS, PERSONAL REPRESENTATIVES TO THE ESTATE OF DEPUTY SHERIFF ROBERT LEE PARIS, JR.; DEPUTY MICHAEL GLINSKAS; SERGEANT MANUEL MARTINEZ; LIEUTENANT CLIFF HARPER; RT FINANCIAL, INC.; RONI ROBERTS; and DOES ONE through TWENTY-FIVE, inclusive,

                    Defendants.

_____

       Defendants COUNTY OF STANISLAUS, SHERIFF ADAM CHRISTIANSON, LIEUTENANT CLIFF HARPER, SERGEANT MANUAL MARTINEZ, DEPUTY MICHAEL GLINSKAS and the ESTATE OF DEPUTY ROBERT LEE PARIS, JR. in good faith believe that the following documents contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; (c) not normally revealed to the public or third parties, or, if disclosed to third parties, would require such third parties to maintain the information in confidence and (d) protected by the federal common law official information privilege.

       Defendants take the position that these documents are Confidential:

       1.      Personnel record of persons employed by Stanislaus County Sheriff's Department, including but not limited to documents concerning, relating or referring to: background investigations,

{01291984.DOC}

hiring, appointment, termination, job performance and evaluations, awards, commendations, and recognition of all professional accomplishments, training, internal affairs investigative files, citizen complaints, charges of misconduct, resulting discipline or retraining.

///

IT IS HEREBY STIPULATED by, among and between the parties through their counsels of record that the documents described herein may be designated as "Confidential" by the COUNTY OF STANISLAUS, SHERIFF ADAM CHRISTIANSON, LIEUTENANT CLIFF HARPER, SERGEANT MANUAL MARTINEZ, DEPUTY MICHAEL GLINSKAS and the ESTATE OF DEPUTY ROBERT LEE PARIS, JR and produced subject to the following Protective Order:

1.      The disclosed documents shall be used solely in connection with the civil case Irina Engert, et al. v. County of Stanislaus, et al., Case No. 1:13-CV-00126-LJO-BAM (USDC EDCA) and in the preparation and trial of the cases, or any related proceeding.  The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.  Any documents submitted in any related litigation that were under seal remain under seal in this action.

2.      A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record.  If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.  Documents may also bear a mark labelling them "Redacted" to protect third party privacy rights and information not subject to disclosure.

3.      Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a)      Richard H. Schoenberger and Spencer J. Pahlke of WALKUP, MELODIA, KELLY & SCHOENBERGER, and associate attorneys in their office, as counsel for Plaintiffs IRINA ENGERT, RON ENGERT, and ANNE ENGERT in the case enumerated above;

**STIPULATED PROTECTIVE ORDER**

{01291984.DOC}

(b)     Jesse Rivera and associate attorneys in his office, as counsel for Defendant Sergeant Manuel Martinez in the case enumerated above;

(c)     Bruce K. Kilday and associates attorneys in his office, as counsel for Defendants Deputies Michael Glinskas and Robert Lee Paris, Jr. in the case enumerated above;

(d)     Cornelius Callahan of BORTON PETRINI, LLP and associate attorney in his office, as counsel for Defendant RONI ROBERTS in the case enumerated above;

(e)     Michael S. Warda and associate attorneys in his office, as counsel for Defendant RT FINANCIAL in the case enumerated above;

(f)     Paralegal, clerical, and secretarial personnel regularly employed as counsel referred to in subparts (a), (b) and (c) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(g)     Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(h)     Any expert, consultant, or investigator retained in connection with this action;

(i)     The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

(j)     Witnesses during their depositions in this action.

4.     Prior to the disclosure of any Confidential information to any person identified in paragraph 3 and it sub-parts, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in <u>Engert, et al. v. County of Stanislaus, et al.,</u> Case No. 1:13-CV-00126-LJO-BAM (USDC EDCA) and shall abide by its terms.  I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

Such person also must consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material,

**STIPULATED PROTECTIVE ORDER**

{01291984.DOC}

shall be in effect until further order of this Court.  The attorneys designated in subparts (a) and (b) of Paragraph 3 above shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given.  The Defendants may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that any of the other parties to this actions, or agents thereof, have breached the terms of the Stipulated Protective Order.

5.      As to all documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, the parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141.  If permission is granted, the Confidential material will be filed and served in accordance with Local Rule 141.

6.      The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

7.      A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

8.      Copies of Confidential Documents

The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential":

(a)      Counsel for parties other than the Defendants shall receive one copy of the Confidential documents at no charge.

(b)      Counsel for parties other than the Defendants shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source,

**STIPULATED PROTECTIVE ORDER**

{01291984.DOC}

except those persons identified in Paragraph 3 herein, without further order of the Court or authorization from counsel for the Defendants.

(c)     If the other parties in good faith require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for the Defendants.  Upon agreement with counsel for the Defendants, copies will be produced in a timely manner to the requesting party, pursuant to the procedures of this Stipulated Protective Order.  Agreement shall not be unreasonably withheld by counsel for the Defendants.

9.     If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order.  The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 5 of this Stipulated Protective Order.  Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

10.     Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

11.     Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

12.     No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.  In addition, any information that is designated confidential and produced by the Defendants does not lose its confidential status due to any inadvertent or unintentional disclosure.  In the event that the

**STIPULATED PROTECTIVE ORDER**

{01291984.DOC}

Defendants make any such inadvertent disclosure, the documents which are confidential will be identified accordingly, marked in accordance with Paragraph 2 above, and a copy of the Confidential-marked documents provided to the other parties to this action.

Upon receipt of the Confidential-marked documents, the receiving parties will return the unmarked version of the documents to counsel for the Defendants within fourteen (14) days.

13.     After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential.  All documents and materials produced to counsel for the other parties pursuant to this Stipulated Protective Order shall be returned to counsel for the Defendants in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be returned to counsel for Defendants.  "Conclusion" of this litigation means a termination of the case following a trial or settlement.

14.     No later than thirty (30) days after settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the confidential documents shall return said documents to counsel for the Defendants.

15.     If any party appeals a jury verdict or order terminating the case, counsel for the Defendants shall maintain control of all copies of confidential documents.  If following an appeal the district court reopens the case for further proceedings, the documents shall be returned to counsel for the other parties.

16.     This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

17.     During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

IT IS SO STIPULATED.

**STIPULATED PROTECTIVE ORDER**

{01291984.DOC}

Respectfully submitted,

Dated: July 23, 2014          WALKUP, MELODIA, KELLY & SCHOENBERGER

                              By      /s/ Richard H. Schoenberger
                                   Richard H. Schoenberger
                                   Spencer J. Pahlke
                                   Attorneys for Plaintiffs
                                   IRINA ENGERT, ANNE ENGERT, and RON ENGERT


Dated: July 23, 2014          PORTER SCOTT
                              A PROFESSIONAL CORPORATION

                              By      /s/ Terence J. Cassidy
                                   Terence J. Cassidy
                                   John R. Whitefleet
                                   Lauren E. Calnero
                                   Attorneys for Defendants
                                   COUNTY OF STANISLAUS; SHERIFF ADAM
                                   CHRISTIANSON; LIEUTENANT CLIFF HARPER


Dated: July 23, 2014          RIVERA & ASSOCIATES

                              By      /s/ Jesse M. Rivera
                                   Jesse M. Rivera
                                   Attorney for Defendant
                                   SERGEANT MANUEL MARTINEZ

Dated: July 23, 2014          ANGELO, KILDAY & KILDUFF, LLP

                              By      /s/ Bruce Kilday
                                   Bruce Kilday
                                   Attorney for Defendants
                                   DEPUTY MICHAEL GLINSKAS and ESTATE OF
                                   DEPUTY ROBERT PARIS, JR.

Dated: July 23, 2014          BORTON PETRINI, LLP

                              By      /s/ Cornelius John Callahan
                                   Cornelius John Callahan
                                   Attorney for Defendant RONI ROBERTS

7

**STIPULATED PROTECTIVE ORDER**

{01291984.DOC}

Dated: July 23, 2014                    MICHAEL S. WARDA, A PROFESSIONAL LAW
                                        CORPORATION


                                        By      /s/ Michael S. Warda_____
                                                Michael S. Warda
                                                Attorney for Defendant RT FINANCIAL, INC.

                                        **ORDER**

        Having considered the stipulated protective order filed and signed by all parties on July 24,

2014, pursuant to Local Rule 141, the Court adopts the protective order in its entirety.


IT IS SO ORDERED.

        Dated:   **August 5, 2014**              /s/ Barbara A. McAuliffe_____
                                        UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**

{01291984.DOC}