UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRINA ENGERT, *et al* <br><br> Plaintiffs, <br><br> v. <br><br> STANISLAUS COUNTY, *et al,* <br><br> Defendants. | No. 1:13-cv-0126 LJO-BAM <br><br> **ORDER GRANTING INFORMAL MOTION TO COMPEL PSYCHOTHERAPIST DOCUMENTS; EXTEND LENGTH OF DEPOSITION** <br><br> (Doc. 54, 59, 60) |

Pending before the Court is an informal discovery dispute centered on disclosure of psychotherapist counseling records and on a request to extend the length of a deposition. The Court conducted an informal discovery conference on October 6, 2014, then requested supplemental briefing on cases the Court found persuasive. Having considered the two page summaries provided by the parties, their supplemental briefs (Doc. 63-65), the argument of counsel at the hearing on October 6, 2014, and the entire record, the Court rules as follows.

*Relevant Procedural Background*

This action arises out of the death of Glendon Engert, a locksmith assisting with the eviction of James Ferrario, being carried out by the Stanislaus County Sheriff's Department on August 12, 2012 in Modesto, California. Plaintiffs Irina Engert ("Irina" or Plaintiff), the decedent's wife, and Ron and Anne Engert, the decedent's parents, assert the County, the police officer defendants, and RT Financial knowingly placed Mr. Engert in danger by failing to protect him from being shot by Mr. Ferrario. Plaintiffs claim that defendants knew that Mr. Ferrario was mentally ill and kept a stock pile of weapons.

1

Plaintiffs bring this civil rights suit individually and as successors in interest to Glendon Engert under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and state law. The operative Second Amended Complaint ("SAC") alleges claims on behalf of the decedent under the Fourteenth Amendment and related state law for right to life/wrongful death. Plaintiff Irina Engert claims violation of her rights under the Fourteenth Amendment and related state law for interference with familial relationship/wrongful death. As to damages, Decedent claims damages for "significant economic and non-economic damages, including but not limited to, medical expenses, physical pain, emotional distress, and violation of his constitutional rights." SAC para 71. Irina claims damages for being "deprived of a kind and loving husband [], and of his care, companionship, comfort, love, affection, society, and moral support." SAC para. 72.

*Issues in the Discovery Dispute*

Pending before the Court is the parties' informal discovery dispute. Here, Defendants, collectively, seek to compel: (1) an enlargement of time for Plaintiff Irina Engert's deposition, (2) access to the mental health records of both Mr. and Mrs. Engert from Dr. Quisling, a psychiatrist, and (3) Irina's deposition testimony as to psychiatric care.

Irina argues privacy and psychotherapist/patient privilege. Irina's main position is that emotional distress is not at issue in this case. She argues that she does not have a claim for "emotional distress" damages, she does not claim medical expenses, and she only claims loss of consortium type damages, which are not "emotional distress" damages. Doc. 64. Plaintiff argues that loss of the love and support of a spouse has a value regardless of the particular condition of the marriage at the time of death, and plaintiff should not be forced to forego the privilege of the most confidential communications in order to recover damages. Relying on *Jaffee v. Redmond*, 518 U.S. 1 (1996), the seminal case on the psychotherapist-patient privilege in federal court, Plaintiff argues that discovery of Irina's communications with her psychiatrist are barred as a matter of public policy and would undermine open communications between patient and doctor.

///
///
///

*Legal Standards and Law Applicable to the Proceeding*

    **A.**    **Right to Privacy**

Privacy rights are generally recognized in federal court. *Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992). However, the right is not absolute and may be subject to invasion depending on the circumstances. *Oakes v. Halvorsen Marine Ltd.*, 279 F.R.D. 281, 284 (C.D. Cal., 1998). Thus, the right to privacy is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (discussing documents in employee's personnel files).

    **B. Psychotherapist-Patient Privilege**

Generally, confidential communications between a psychotherapist and patient are privileged. *Jaffee*, 518 U.S. at 1. This privilege is not an absolute privilege. Even *Jaffee* acknowledged that it did not "define the contours" of the privilege and said in circumstances, the privilege must "give way." *Jaffee*, 518 U.S. 18 and n.19. District Court cases have held that the privilege gives way in like situations as here.

District courts have adopted different approaches to determine whether the patient has waived his or her psychotherapist-patient privilege. Under the broad approach, a simple allegation of emotional distress in a complaint constitutes waiver. Under the narrow approach, there must be an affirmative reliance on the psychotherapist-patient communications before the privilege will be deemed waived. Under the middle ground approach, courts have generally found a waiver when the plaintiff has done more than allege "garden-variety" emotional distress. *See Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995) (applying middle approach); *see Fitzgerald v. Cassil*, 216 F.R.D. at 633, 638-39 (adopting narrow approach and finding no waiver of privacy when plaintiff did not allege "cause of action for intentional or negligent infliction of emotional distress" or "specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations"); *see also Stallworth v. Brollini*, 288 F.R.D. 439, 443–44 (N.D.Cal. 2012) (collecting cases).

### C. Eastern District Precedent

This Court has determined that the content of the communication between a plaintiff and her therapist are placed at issue due to the plaintiff's claim for damages related to the loss of consortium/loss of society.

In a similar wrongful death action, *Aguilar v. County of Fresno*, 2009 WL 3617984 (E.D. Cal. Oct. 29, 2009), this Court found that records related to the surviving spouse's drug treatment and mental health counseling, were discoverable despite the claims of privilege. The Court determined in part, that because the plaintiff sought damages for loss of care, consortium and society, these treatment records were placed at issue. The Court held,

> If Plaintiff had a significant drug problem at the time of the incident, her relationship with her husband could have been adversely affected prior to his death which may be related to her loss of consortium and loss of society claims. Further, Defendants should also be able to explore this avenue especially because shortly after the shooting, officers reported that Ms. Saustaita told them that their mother had been using drugs, that her mother had depleted the family's finances, and that her father had contemplated suicide. Fresno County Sheriff's Department Crime Report dated May 20, 2008 at pg. 3, attached to Declaration of James Weakley dated September 22, 2009 ("Weakley Declaration"). (Doc. 44). Plaintiff's drug use, if any, may lead to discoverable information related to the actions of the Decedent at the time of the incident that are relevant to the reasonableness of the deputy's actions.

Thus, in *Aguilar*, the Court determined that the content of the communications between the surviving spouse and her therapist were placed at issue by her damage claim for loss of society, comfort, and companionship.

In another Eastern District wrongful death action, *Prescott v. County of Stanislaus*, 2011 WL 6130820 (E.D. Cal. Dec. 8, 2011), surviving wife Rachel Prescott sought damages for loss of the society, comfort and companionship from the loss of her husband. Defendant's subpoenaed Plaintiff's therapist to attend a deposition and produce therapy related documents. Plaintiff's therapist refused. Defendants filed a motion to compel arguing that the requested information was directly related to Plaintiff's damages. Plaintiff challenged the discovery arguing that the emotional damages sought were "garden variety." Disagreeing with Plaintiff, the Court granted Defendant's motion to compel, but the Court ordered the therapist to produce only those records that bear on Rachel Prescott's relationship with the decedent.[1] Thus, counseling sessions or

---

[1] Plaintiff admitted that she had a restraining order against the decedent at the time of his death and that the

4

portions thereof that did not address her relationship with the decedent, if there were any, were not ordered to be produced.  On reconsideration, the Court again determined that Plaintiff's mental health records were relevant and any privacy privilege had been waived.  The Court held that the value (and quality) of Plaintiff's relationship formed the basis of Plaintiff's damage claim and was therefore discoverable.

### D. Eastern District Cases are Persuasive

Here, the Court finds these cases persuasive.  The damages in this case arise from the value of the marital relationship, how each person in the relationship perceived that relationship, and each person's contribution to the relationship.  As the Court stated at oral argument, the underlying emotional component of the relationship is directly at issue in this case.  While Irina is not seeking what is traditionally termed as "emotional distress" damages, there is no doubt the emotional value of the relationship and the emotional value of the contribution/no contribution to the relationship is the fundamental component of the damages sought in this case. The Court does not find persuasive Plaintiff's attempt to distinguish these cases.

Further, the Court does not read the SAC's request for damages as narrowly as Plaintiff. In addition to the loss of "love and companionship" type damages specifically alleged in the SAC at para. 72, the SAC also requests all available damages.  Significantly, para. 74 substantially expands the requests for damages to "all damages and remedies available" for each claim.  This allegation requests a broad scope and breath of potential damages.  Defendants must have the ability to counter any request at trial for damages which plaintiffs currently disclaim will be sought.  Thus, the Court finds that the privilege has been waived.

### E. Privacy in the Psychotherapist Records

Plaintiff also claims privacy.  Privacy is subject to balancing. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal.1995) ("Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests.") (citing *Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir.1976).

---

relationship between her and the decedent was a source of stress for her such that she sought counseling from a therapist to deal with it. Plaintiff also conceded that during her marriage the communication between her and her therapist  related to the fear and stress she suffered as a result of her relationship with the decedent.

The Court has considered the parties' arguments and in particular, Plaintiff's claims to privacy. The balancing process tips in defendants' favor (subject to the limitation discussed *infra*). The Court finds it would be unduly prejudicial to preclude defendants from the requested discovery. Plaintiff seeks damages for, at a minimum, the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support of decedent. In determining the value of the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support of decedent, the jury will be asked to value the amount of these noneconomic damages. Indeed, these damages must be based on evidence and not upon jury's speculation, guess work or conjecture. Model Instruction 5.1. Evidence must be presented as to the quality of the marital relationship. It is simply not possible to remove all emotional components to value the love, companionship, comfort, etc. lost by Irina for decedent's death.[2]

The Court has considered the case cited by Plaintiff from the Southern District of California, *Campbell v. Logue*, 2012 WL 1666762 (S.D. Cal. May 11, 2012). The Court does not find this out of district case persuasive. *Campbell* did not consider, and therefore did not evaluate, that the value of the relationship and the emotional and physical contributions by each spouse were in fact at issue.[3] Plaintiff's loss of familial relationship is at issue and the emotional element, from the perspective of each relationship participant, cannot be removed from the valuation equation.

The Court agrees with plaintiff that a marriage has value regardless of the particular condition of the marriage at the time of death. (Doc. 64, p. 3.) But this valuation is not a one-way street. Defendants are entitled to test the validity of the value of that marriage, and here, the requested records are relevant and probative of that inquiry.

///

///

///

---

[2] The Court agrees with defendants' other position that the records support the difficulties or limitations on Glendon's ability to work and therefore his claims of right to life damages and Irina's claim for loss of economic support because the records support/refute earning capacity. (Doc. 65 p.4.)

[3] The Court notes that no case has followed *Campbell*'s reasoning.

6

### F. Scope of the Psychotherapist Records

Defendants have requested both Irina's and Decedent's psychotherapist records from the date of marriage (13 years prior to the incident) to the present.

To value the relationship and the "the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support of decedent," the Court finds 3 years (preceding the date of death) of psychotherapist records should be produced. On balancing the respective interests of each side, the Court finds the three years of mental records preceding the incident, for both Irina and Decedent, will enlighten the defendants adequately as to the state of the marriage, each spouse's mental state, and ability to contribute to the relationship in the years immediately preceding the death. The length of time requested by defendants is overly broad and the length must be narrowed. If invasion is called for, the scope of the disclosure should be "narrowly circumscribed" and should be permitted only to the extent necessary to a fair resolution of the lawsuit. See e.g., *Perinatal Medical Group Inc. v. Children's Hosp. Central California*, 2011 WL 1833026 (E.D. Cal. 2011) quoting *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 552 (E.D. Cal. 1990); *Crayton v. Rochester Medical Corp.*, 2010 WL 375505, 4 (E.D. Cal. 2010) ("Even where the balance weighs in favor of disclosure of private information, the scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit").

On balance, the Court denies the request for post-incident psychotherapist records. There is no dispute that damages are set as of the date of death. The Court finds that these records, post incident, are not probative of the relationship and other emotional components of the on-going marriage. In short, it is a fishing expedition.

### G. Length of Irina's Deposition

Defendants request additional time to depose Irina. Defendants argue that there were language difficulties and because numerous defendants are in the case, some defendants have not had a chance to question Irina. Plaintiff opposes on the grounds that the depositions explored comprehensive subjects involving sexual relations, financial assistance, and religious practices,

7

among numerous other invasive topics.

A deposition is limited to 1 day of 7 hours. Fed.R.Civ.P. 30(d)(1). Here, 70-minutes remain of the original 7 hour limit. The Court may grant additional time to "fairly examine" the deponent; or the examination has been impeded or delayed by the deponent, another person "or any other circumstance." *Id.* Here, the defendants represented that the deposition questioning-answering was "slow" because English is a second language for Irina. The Court finds that this reason, along with the grant of the motion on psychotherapist records, shows good cause for additional time. The parties have 70-minutes remaining of the original deposition time and the Court will grant an additional 3-hours. The totality of the time, 70-minutes plus 3 hours, is to be divided among the defendants. The defendants shall meet and confer in advance of the renewed deposition and decide the time allotments to each party.

**ORDER**

For the foregoing reasons, the Court orders as follows:

1. The informal discovery dispute to compel psychotherapist records for Irina Engert and Glendon Engert from Dr. Quisling and for additional deposition time of Irina Engert is GRANTED in PART and DENIED in PART;
    a. Plaintiffs shall produce psychotherapist records for Irina Engert and Glendon Engert from Dr. Quisling for the three years preceding Glendon Engert's death no later than 5 business days before Irina's continued deposition;
    b. The Court DENIES the request for post-incident psychotherapist records;
    c. Plaintiff Irina Engert shall appear for an additional deposition session for the added time noted in this order, no later than November 10, 2014 (or other date mutually convenient with the parties);
2. Defendant Stanislaus shall prepare an appropriate HIPAA release;

///
///
///
///

3. Subject to the protective order in place, the records shall be maintained as confidential and their use shall be limited to this litigation only. If used at a deposition, the portion of the deposition referencing the content of the records shall be sealed. If a party wishes to file the records or any portion thereof, the party shall seek authorization to file the documents under seal according to Local Rule 141;

4. The parties shall file a brief statement no later than 5:00 p.m. on October 16, 2014 as to whether any issue remains on the motions to compel (Doc. 49 and 50), now under submission.

IT IS SO ORDERED.

Dated:  **October 14, 2014**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE