# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRINA ENGERT, ANNE ENGERT, and RON ENGERT, Individually and as Successors-in-Interest to Glendon Engert<br><br>Plaintiffs,<br><br>v.<br><br>STANISLAUS COUNTY; SHERIFF ADAM CHRISTIANSON; ROBERT LEE PARIS, SR. and ELIZABETH JANE PARIS, PERSONAL REPRESENTATIVES TO THE ESTATE OF DEPUTY SHERIFF ROBERT LEE PARIS, JR.; DEPUTY MICHAEL GLINSKAS; SERGEANT MANUEL MARTINEZ; LIEUTENANT CLIFF HARPER; RT FINANCIAL, INC.; RONI ROBERTS; and DOES ONE through TWENTY-FIVE, inclusive<br>Defendants, | Case No. 1:13-cv-126-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS APPROVING SETTLEMENT AGREEMENT WITH RONI ROBERTS**<br><br>**(Doc. 89)** |

## INTRODUCTION

Defendant Roni Roberts ("Defendant") moves for an order determining that he has entered into a "good faith" settlement agreement with Plaintiffs pursuant to California Code of Civil Procedure sections 877 and 877.6. On May 1, 2015, Defendants County of Stanislaus, Lieutenant Cliff Harper, Sergeant Manuel Martinez, Deputy Michael Glinkas and the Estate of Deputy Robert Lee Paris, Jr. ("remaining Defendants") filed a statement of non-opposition to Roberts' motion.[1] Defendant RT Financial has not submitted any filings concerning this motion and did not oppose this motion. On

---

[1] All federal and state claims against Sheriff Adam Christianson were dismissed with prejudice on February 24, 2015. (Doc. 99).

1

May 8, 2015, the Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for May 15, 2015. (Doc. 198). Having considered the merits of the motion, the statement of non-opposition, and the lack of opposition by any other party, this Court recommends the Motion for Good Faith Settlement Determination be GRANTED.

## BACKGROUND

This action arises out of the death of Glendon Engert, a locksmith assisting with an eviction being carried out by the Stanislaus County Sheriff's Department on August 12, 2012 in Modesto, California. The property had been purchased by Defendant RT Financial and RT Financial President, Defendant Roni Roberts, prior to the shooting. Second Amended Compl. ¶ 23, Doc. 37. Plaintiffs Irina Engert, the decedent's wife, and Ron and Anne Engert, the decedent's parents ("Plaintiffs"), assert the County, the police officer defendants, Roni Roberts, and RT Financial knowingly placed Mr. Engert in danger by failing to protect him from the shooting. Defendants deny all liability.

## LEGAL STANDARD

A motion for good faith settlement is governed by California Code of Civil Procedure §§ 877 and 877.6, both which apply to federal court proceedings and authorize the Court to determine whether a settlement agreement was entered into in good faith. *See Slottow v. Am. Cas. Co. of Reading, Penn.*, 10 F.3d 1355 (9th Cir. 1993) (en banc). A court has discretion to determine that a settlement is in good faith pursuant to California Code of Civil Procedure Section 877. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1064 (9th Cir. 2011). The good faith provision of section 877 mandates that the courts review agreements purportedly made under its aegis to insure that such settlements appropriately balance the contribution statute's dual objectives. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488 (Cal. 1985). The good faith provision further provides that when a settlement is determined by a court to have been made in good faith, the settlement "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(C). The party applying for a good faith settlement determination is required to give notice of its application to all

other parties and to the court. Cal. Civ. Proc. Code § 877.6(a). "A settling tortfeasor's section 877.6, subdivision (c) good faith settlement determination discharges indemnity claims by other tortfeasors, whether or not named as parties, so long as the other tortfeasors were given notice and an opportunity to be heard." *Gackstetter v. Frawley*, 135 Cal. App. 4th 1257, 1273 (Cal. App. 2d Dist. 2006).

To determine whether a settlement was entered into in good faith, Courts consider the *Tech-Bilt* factors which include:(1) a rough approximation of plaintiff's total recovery and the settler's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settler should pay less in settlement than if found liable after trial; (4) the allocation of the settlement proceeds; (5) the settling party's financial condition and the availability of insurance; and (6) evidence of any collusion, fraud or tortious conduct between the settler and the plaintiff aimed at requiring the non-settling parties to pay more than their fair share. *Tech-Bilt, Inc.*, 38 Cal.3d at 499. "Once there is a showing made by the settlor of the settlement, the burden of proof on the issue of good faith shifts to the nonsettlor who asserts that the settlement was not made in good faith." *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987). A party opposing the settlement agreement "must demonstrate . . . that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Tech-Bilt, Inc.*, 38 Cal.3d at 499-500.

## ANALYSIS

Plaintiffs and Roni Roberts entered into a settlement agreement whereby Roberts agreed to pay Plaintiffs $230,000.000, in exchange for a full and final settlement and release by Plaintiffs of any claims against Defendant Roberts arising out of the accident. (Doc. 89 at 4). The settlement agreement is contingent upon a finding of "good faith" under California Code of Civil Procedure sections 877 and 877.6.[2] Section 877 prescribes, "[w]here a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith . . . [i]t shall reduce the claims against . . . others in the amount stipulated by the release [and] [i]t shall discharge

---

[2] "The Ninth Circuit has held that . . . section 877 amounts to substantive law" and since state substantive law generally applies to state causes of action in federal court, section 877 is applicable here. *Slaven v. BP Am., Inc.*, 958 F. Supp. 1472, 1479 (C.D. Cal. 1997) (citing *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990)).

3

the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877.

The California Supreme Court has established specific factors a court should consider when determining whether a settlement agreement is in "good faith." These include "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, . . . and a recognition that a settlor should pay less in settlement than he would if he were found liable after trial." *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). "Other relevant considerations include . . . the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants [and that] the evaluation be made on the basis of information available at the time of settlement." *Id.*

Under the *Tech-Bilt* factors, the settlement amount is proportionate to Roberts' alleged liability "based on the information available at the time of the settlement." (Doc. 89 at 4). Plaintiffs initially demanded the insurance policy limits of $500,000.00 from Defendant Roberts for a settlement. (Doc. 89 at 2). Counsel for Defendant Roberts and Plaintiffs met multiple times to discuss possible settlement and as a result of arms-length negotiations between counsel for Plaintiffs and Defendant, they agreed that an appropriate amount to be paid by Roni Roberts is $230,000.00. In light of the fact that there is minimal evidence of any failure to warn by Roberts, the settlement reached between Defendant Roberts and Plaintiffs is a rough approximation of Defendant Roberts' alleged potential liability. (Doc. 89 at 4). The settlement amount also appropriately reflects "that a settlor should pay less in settlement than he would if he were found liable after trial." *Tech-Bilt*, 38 Cal. 3d at 499. Furthermore, no defendant has objected to the settlement agreement. There is also no evidence of "collusion, fraud or tortious conduct." (Doc. 197).

Accordingly, the Court has reviewed Defendant Roni Roberts' motion for good faith settlement, the *Tech-Bilt* factors, and the lack of opposition. The Court finds that the settlement between Plaintiffs and Defendant Roberts was reached in good faith under California Code of Civil Procedure section 877.6. Therefore, Defendant Roberts' motion should be GRANTED.

///

///

**CONCLUSION AND RECOMMENDATIONS**

For the reasons discussed above, this Court **RECOMMENDS**, that

1. Defendant Roni Roberts' Motion for Good Faith Settlement Determination should be **GRANTED** as entered into in good faith within the meaning of California Code of Civil Procedure section 877.6 and therefore any and all parties are barred from pursuing any cross-complaints for contribution against Defendant Roberts for any cause related to the instant action pursuant to California Code of Civil Procedure §877.6 (c). (Doc. 89);

2. Counsel for Defendant Roni Roberts is **DIRECTED** to serve a copy of this Order on all named defendants.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 13, 2015**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE